Alyson J. Dykes (CA State Bar No. 319835)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@JLohman.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC (*pro hac vice* application to be filed)
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiffs and the proposed classes

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mayra Miramontes, Rita Norris, and Randall Lloyd, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. Morgan Chase Bank, N.A.,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227) AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE § 1788 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

**Nature of this Action**

1. Mayra Miramontes, Rita Norris, and Randall Lloyd ("Plaintiffs") bring this class action against J.P. Morgan Chase Bank, N.A. ("Defendant") and allege that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq*.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*     \*     \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent, in that it continues to place calls to cellular telephone numbers after being instructed to stop calling those numbers.

4. Further, upon information and good faith belief, Defendant routinely violates the Rosenthal Act by placing calls to telephone numbers in connection with an attempt to collect a debt after being instructed to stop calling those numbers.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), as a portion of the acts and transactions giving rise to Plaintiffs' action transpired in this district, and as Defendant transacts business in this district.

**Intradistrict Assignment**

7. Assignment to the Eastern Division of the Central District of California is appropriate as Ms. Miramontes resides in Fontana, California, which is located in San Bernardino County.

**Parties**

8. Ms. Miramontes is a natural person.

9. At all relevant times Ms. Miramontes resided in Fontana, California.

10. Ms. Norris is a natural person.

11. At all relevant times Ms. Norris resided in Buffalo, New York.

12. Mr. Lloyd is a natural person.

13. At all relevant times Mr. Lloyd resided in Burley, Idaho.

14. Defendant is the consumer and commercial banking subsidiary of the multinational banking and financial services company, JPMorgan Chase & Co.

15. Defendant is headquartered in New York City, New York.

**Factual Allegations**

16. Plaintiffs are current or former customers of Defendant.

17. On or around February 22, 2018, Ms. Miramontes placed a call to Defendant and asked Defendant to stop calling her cellular telephone number—(909) XXX-4876.

18. Defendant acknowledged Ms. Miramontes's request, and confirmed that her cellular telephone number would be removed from her account and that she would no longer receive telephone calls from Defendant.

19. Also during that conversation, Defendant informed Ms. Miramontes that her consumer credit account was 17 days past due, and requested payment on that past-due account.

20. No matter, Defendant continued to place calls—over 40 of them—to Ms. Miramontes's cellular telephone number.

21. On or around January 30, 2018, Ms. Norris placed a call to Defendant and asked Defendant to stop calling her cellular telephone number—(716) XXX-8038.

22. Defendant acknowledged Ms. Norris's request, and confirmed Ms. Norris's request that Defendant cease calling and that she would no longer receive telephone calls from Defendant.

23. Also during that conversation, Defendant informed Ms. Norris that her consumer credit account was 64 days past due, and requested payment on that past-due account.

24. No matter, Defendant continued to place calls—over 50 of them—to Ms. Norris' cellular telephone number.

25. On or around April 9, 2018, Mr. Lloyd placed a call to Defendant and asked Defendant to stop calling his cellular telephone number—(208) XXX-1978.

26. Defendant acknowledged Mr. Lloyd's request, and confirmed that Mr. Lloyd's cellular telephone number would be removed from Defendant's calling list and that he would no longer receive telephone calls from Defendant.

27. Consistent with the experiences of Ms. Miramontes and Ms. Norris, Defendant continued to place calls—over 50 of them—to Mr. Lloyd's cellular telephone number.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using an automatic telephone dialing system.

29. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

30. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers for non-emergency purposes.

31. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers voluntarily.

32. Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers under their own free will.

33. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone numbers.

34. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone number.

35. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiffs' cellular telephone number.

36. Plaintiffs suffered actual harm as a result Defendant's calls in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

37. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

## Class Action Allegations

38. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following classes:

> *TCPA Class:* All persons and entities throughout the United States (1) to whom J.P. Morgan Chase Bank, N.A., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification, (5) after the called party instructed that J.P. Morgan Chase Bank, N.A. cease calling the called party's cellular telephone number.
>
> *Rosenthal Act Class*: All persons throughout California (1) to whom J.P. Morgan Chase Bank, N.A. placed, or caused to be placed, one or more calls, (2) within one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after whom J.P. Morgan Chase Bank, N.A. was instructed to stop placing calls to their telephone numbers.

39. The proposed classes specifically exclude the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

40. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

41. Upon information and good faith belief, the members of the classes are so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the classes is unknown to Plaintiffs at this time, and can be ascertained only through appropriate discovery.

43. The classes are ascertainable because they are defined by reference to objective criteria.

44. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses, can be identified in business records maintained by Defendant and by third parties.

45. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

46. Plaintiffs' claims are typical of the claims of the members of the classes.

47. As it did for all members of the TCPA class, Defendant used an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers, without prior express consent, in that Defendant placed calls to Plaintiffs' cellular telephone number after they instructed Defendant to stop calling their numbers.

48. As it did for all members of the Rosenthal Act class, Defendant placed calls to Plaintiffs' telephone numbers in connection with the collection of an alleged debt after they instructed Defendant to stop calling their numbers.

49. Plaintiffs' claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

50. Plaintiffs' claims are based on the same theory as are the claims of the members of the classes.

51. Plaintiffs suffered the same injuries as each of the members of the classes.

52. Plaintiffs will fairly and adequately protect the interests of the members of the classes.

53. Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

54. Plaintiffs will vigorously pursue the claims of the members of the classes.

55. Plaintiffs have retained counsel experienced and competent in class action litigation.

56. Plaintiffs' counsel will vigorously pursue this matter.

57. Plaintiffs' counsel will assert, protect, and otherwise represent the members of the classes.

58. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

59. Issues of law and fact common to all class members are:

   a. Defendant's violations of the TCPA;
   b. Defendant's violation of the Rosenthal Act;
   c. Defendant's conduct, pattern, and practice of continuing to place calls to cellular telephone numbers after being instructed to stop doing so;
   d. Defendant's use of an automatic telephone dialing system or artificial or prerecorded voice as defined by the TCPA;
   e. Defendant's failure to honor cease-and-desist requests from its customers;
   f. The availability of statutory penalties; and

60. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

61. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

62. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

63. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

64. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

65. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

66. The pursuit of Plaintiffs' claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

67. There will be little difficulty in the management of this action as a class action.

68. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of the TCPA Class**

69. Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-68.

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiffs' cellular telephone numbers, absent prior express consent.

71. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of Cal. Civ. Code § 1788.17**
**On behalf of the Rosenthal Act Class**

72. Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-68.

73. The Rosenthal Act at Section 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

74. By repeatedly calling Plaintiffs' telephone numbers after they asked Defendant to stop calling their numbers, Defendant violated 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); *accord Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Moreover, pursuant to § 1692d(5), [a plaintiff] is only required to plead enough facts to show that it is plausible that [the defendant] caused his cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to [the plaintiff], the Court notes that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number.").

75. As a result of Defendant's violations of Cal. Civ. Code § 1788.17, Plaintiffs and the members of the Rosenthal Act class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant willfully violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Adjudging that declaring that Defendant willfully violated Cal. Civ. Code § 1788.17;

f) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed TCPA class without prior express consent;

g) Awarding Plaintiffs and the TCPA Class damages under 47 U.S.C. § 227(b)(3)(B);

h) Awarding Plaintiffs and the TCPA Class treble damages under 47 U.S.C. § 227(b)(3);

i) Awarding Plaintiffs and the Rosenthal Act Class statutory damages under Cal. Civ. Code § 1788.30;

j) Awarding Plaintiffs and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

k) Awarding Plaintiffs and the Rosenthal Act Class reasonable attorneys' fees, costs, and expenses under Cal. Civ. Code § 1788.30;

l) Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Awarding such other and further relief as the Court may deem just and proper.

**Trial by Jury**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: January 31, 2019                         Respectfully submitted,

<u>*Alyson J. Dykes*</u>
Alyson J. Dykes (CA State Bar No. 319835)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@JLohman.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL